**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNETTA WILEY | ) | CASE NO.: |
| 10803 Ravenna Road #108 | ) | |
| Twinsburg, Ohio 44087 | ) | JUDGE: |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLEVELAND HEIGHTS-UNIVERSITY | ) | |
| HEIGHTS CITY SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION | ) | |
| | ) | |
|     c/o Kal Zucker, Board President | ) | |
|     2155 Miramar  Boulevard | ) | |
|     University Heights, Ohio 44118 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CLEVELAND HEIGHTS-UNIVERSITY | ) | |
| HEIGHTS CITY SCHOOL DISTRICT | ) | |
| | ) | **COMPLAINT** |
|     c/o Board of Education | ) | **(Jury Demand Endorsed Herein)** |
|     Kal Zucker, Board President | ) | |
|     2155 Miramar Boulevard | ) | |
|     University Heights, Ohio 44118 | ) | |
| | ) | |
|     c/o A. Scott Gainer, Treasurer | ) | |
|     2155 Miramar Boulevard | ) | |
|     University Heights, Ohio 44118 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KAL ZUCKER | ) | |
| In His Individual and Official Capacity, | ) | |
| 2155 Miramar Blvd. | ) | |
| University Heights, Ohio 44118 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

RONALD REGISTER                                 )
In His Individual and Official Capacity,        )
2155 Miramar Blvd.                              )
University Heights, Ohio 44118                  )
                                                )
and                                             )
                                                )
JAMES POSCH                                     )
In His Individual and Official Capacity,        )
2155 Miramar Blvd.                              )
University Heights, Ohio 44118                  )
                                                )
and                                             )
                                                )
ERIC SILVERMAN                                  )
In His Individual and Official Capacity,        )
2155 Miramar Blvd.                              )
University Heights, Ohio 44118                  )
                                                )
and                                             )
                                                )
BEVERLY WRIGHT                                  )
In Her Individual and Official Capacity,        )
2155 Miramar Blvd.                              )
University Heights, Ohio 44118                  )
                                                )
and                                             )
                                                )
NANCY PEPPLER                                   )
In Her Individual and Official Capacity,        )
2155 Miramar Blvd.                              )
University Heights, Ohio 44118                  )
                                                )
and                                             )
                                                )
ERIC COBLE                                      )
In His Individual and Official Capacity,        )
2155 Miramar Blvd.                              )
University Heights, Ohio 44118                  )
                                                )
and                                             )
                                                )
A. SCOTT GAINER                                 )
In His Individual and Official Capacity,        )
2155 Miramar Blvd.                              )
University Heights, Ohio 44118                  )

2

and                                                )
                                                   )
TALISA L. DIXON                                    )
In Her Individual and Official Capacity,           )
2155 Miramar Blvd.                                 )
University Heights, Ohio 44118                     )
                                                   )
and                                                )
                                                   )
ANDREA CELICO                                      )
In Her Individual and Official Capacity,           )
2155 Miramar Blvd.                                 )
University Heights, Ohio 44118                     )
                                                   )
and                                                )
                                                   )
NYLAJEAN MCDANIEL (Retired)                        )
In Her Individual and Official Capacity            )
2155 Miramar Blvd.                                 )
University Heights, Ohio 44118                     )
                                                   )
and                                                )
                                                   )
PAUL LOMBARDO                                      )
In His Individual and Official Capacity,           )
2155 Miramar Blvd.                                 )
University Heights, Ohio 44118                     )
                                                   )
and                                                )
                                                   )
BRYAN LORETZ                                       )
In His Individual and Official Capacity,           )
2155 Miramar Blvd.                                 )
University Heights, Ohio 44118                     )
                                                   )
and                                                )
                                                   )
JEFFREY JOHNSTON                                   )
In His Individual and Official Capacity,           )
2155 Miramar Blvd.                                 )
University Heights, Ohio 44118                     )
                                                   )
and                                                )
                                                   )
                                                   )
                                                   )

JEFFREY GLASS (Retired)                              )
In His Individual and Official Capacity              )
2155 Miramar Blvd.                                   )
University Heights, Ohio 44118                       )
                                                     )
                    Defendants.                      )

## INTRODUCTION

Now comes Dr. Johnetta Wiley ("Plaintiff"), by and through the undersigned counsel, and for her Complaint alleges as follows:

1.  This is a case about a woman who was removed from her position as Administrative Principal – Heights High School by her superior and systematically demoted because she expressed interest in growth within the School District. Plaintiff expressed interest in the Superintendent position and out of courtesy advised the Interim Superintendent. However, the Interim Superintendent had other plans for that position and saw to it that Plaintiff would never serve the coveted position.  As a result of the actions of the School Board, acting through the Interim Superintendent, Plaintiff was removed from her position as Administrative Principal – Heights High School to a trumped-up position of Director of Special Programs and Compliance and then demoted to a Chemistry Teacher earning nearly $37,000.00 less than her previous salary. As a result, the Interim Superintendent, the School Board, and the School District violated Plaintiff's contractual, statutory, civil, and constitutional rights.

2.  Plaintiff reserves the right to amend this Complaint when she receives her Right to Sue letters to bring claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and other causes of action.

## JURISDICTION

3.     Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

4.     Jurisdiction is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, as well as 28 U.S.C.§ 1331, §1343 and §1367 as one of more of the claims arise "under the Constitution , laws, or treaties of the United States."

5.     Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as the state law claims are so related to the claims within which this Honorable Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."

6.     Venue is conferred under 28 U.S.C. § 1391 (b) as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio.

7.     The Board may be served with summons and process under Ohio Rev. Code § 3313.34 by leaving a copy with Board President Kal Zucker, and is subject to jurisdiction and venue of this Court.

## PARTIES

8.     Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

9.     Plaintiff, Dr. Johnetta Wiley, is an African-American woman who resides in Twinsburg, Summit County, Ohio.

10.    Defendant, the Cleveland Heights - University Heights City School District Board of Education ("Board") is the governing body of the Cleveland Heights - University Heights City School District ("District") and a political subdivision organized under the laws of

the State of Ohio with its principal place of business located at 2155 Miramar Blvd., University Heights, Ohio 44118.

11. Defendant, the Cleveland Heights - University Heights City School District is a political subdivision organized under the laws of the State of Ohio with its principal place of business located at 2155 Miramar Blvd., University Heights, Ohio 44118.

12. Defendant, Kal Zucker ("Zucker") is a White male, who was, at all times relevant, a member of the Board. Zucker is named in his official and individual capacities. Zucker currently holds the position of Board President and is employed by the Ohio Department of Education ("ODE").

13. Defendant, Ron Register ("Register") is an African-American male who was, at all times relevant, a member of the Board. Register is named in his official and individual capacities. Register currently holds the position of Vice President of the Board and is employed by the ODE.

14. Defendant, James Posch ("Posch") is a White male who was, at all times relevant, a member of the Board. Posch is named in his official and individual capacities. Posch currently is employed by the ODE.

15. Defendant, Eric Silverman ("Silverman") is a White male, who was, at all times relevant, a member of the Board. Silverman is named in his official and individual capacities. Silverman is currently employed by the ODE.

16. Defendant, Beverly Wright ("Wright") is an African-American female, who was, at all times relevant, a member of the Board. Wright is named in her official and individual capacities. Wright is currently employed by the ODE.

6

17. Defendant, Nancy Peppler ("Peppler") is a White female who was, at all times relevant, a member of the Board. Peppler is named in her official and individual capacities. Peppler is the former Vice President of the Board and is currently employed by the ODE.

18. Defendant, Eric Coble ("Coble") is a White male, who was, at all times relevant, a member of the Board. Coble is named in his official and individual capacities. Coble is currently employed by the ODE.

19. Defendant, A. Scott Gainer ("Gainer") is a White male who was, at all times relevant, the CFO/Treasurer of the District. Gainer is named in his official and individual capacities.

20. Defendant, Talisa L. Dixon ("Dixon") is an African-American female, who is currently the Superintendent of the District. Dixon took on the position as Superintendent in 2014, for a portion of the relevant time period of this matter. Dixon is named in her official and individual capacities. Dixon is currently employed by the ODE.

21. Defendant, Andrea Celico ("Celico") is a White female, who was, at all times relevant, Assistant Superintendent of the District. Celico is named in her official and individual capacities. Celico formerly held the position of Assistant Superintendent for the 2013-2014 and 2014-2015 school years and was employed by the ODE.  Celico was Plaintiff's immediate supervisor.

22. Defendant, Nylajean McDaniel ("McDaniel") is a White female, who was the Director of Human Resources until she was appointed Interim Superintendent. McDaniel is named in her official and individual capacities. Interim Superintendent McDaniel was employed by the ODE until she retired in 2015.

23. Defendant, Paul Lombardo ("Lombardo") is a White male, who is and was, at all times relevant the Director of Human Resources. Lombardo is named in his official and

individual capacities. Lombardo holds the position of H.R. Director and is currently employed by the ODE.

24.  Defendant, Bryan Loretz ("Loretz") is a African-American male, who is and was, at all time relevant the District Coordinator of Safety and Security. Loretz is named in his official and individual capacities. Loretz holds the position of Coordinator of Safety and Security and is currently employed by the ODE.

25.  Defendant, Jeffrey Johnston ("Johnston") is a White male, who is and was, at all times relevant Director of Student Services. Johnston is named in his official and individual capacities. Johnston holds the position of Director of Student Services and is currently employed by the ODE.

26.  Defendant, Jeffrey Glass ("Glass") is a White male, who was, at all times relevant Teacher and Videographer. Glass is named in his official and individual capacities. Glass held the position of Teacher and Videographer and was employed by the ODE until he retired in 2015.

27.  The ODE is the State of Ohio's agency that is responsible for primary and secondary public education in the State of Ohio. The Ohio State Board of Education is the governing body of the ODE.

## STATEMENT OF THE FACTS

28.  Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

29.  Plaintiff is a tenured teacher with over 28 years of combined teaching and administrative experience dating back to 1988 until present day.

30.  On July 16, 2012, Plaintiff entered into an employment contract with the District to serve

as Administrative Principal– Heights High School for a term of two years. (See attached Exhibit 1). The contract calls for a notice of non-renewal to be given to Plaintiff by March 31, 2014.

31.     In this role, Plaintiff was to oversee all the Principals for the High School. This position also afforded Plaintiff to be a member of the Superintendent's Cabinet.

32.     The terms of the contract are governed by the OHIO REV. CODE § 3319.02 and the negotiated agreement between the Board and Educational Administrators and Professional Staff Council ("EAPSC").

33.     In the Spring of 2013, the position of Superintendent became available.

34.     At that time, Nylajean McDaniel, Director of Human Resources, was appointed the Interim Superintendent.

35.     One month after McDaniel's appointment, Plaintiff, out of professional courtesy, informed McDaniel of her intentions to apply for the Superintendent position.

36.     Celico also applied for the Superintendent position.

37.     After said disclosure, McDaniel began to take deliberate action against Plaintiff.

38.     Plaintiff was removed from the Cabinet, which she served without issue. She was also removed from all communication that came from the Superintendent's office. Further, Plaintiff was not reinstated to several key committees.

39.     Coincidentally, around this same time, Plaintiff received her one and only unfavorable performance review, which was conducted by none other than Interim Superintendent McDaniel. Plaintiff had never received any complaints about her job performance.

40.     On or about March 2014, a few employees of the District, specifically Director Johnston and Coordinator Loretz, along with Glass, held a meeting with Plaintiff to discuss the

9

"Alert Lockdown Inform Counter Evacuate" (ALICE) readiness of the District during emergency situations.

41.     Johnston and Loretz decided the best way to adequately prepare the District would be to make a video recording of what to do in an emergency situation, specifically in instances of an on-campus intruder.

42.     As directed by Johnston, Glass spearheaded the coordination of all of the teachers, administrators, and students who were to be involved in the videotaping. Loretz made all necessary contact and worked with the police department, as instructed by Johnston.

43.     The high school chosen for the location of the recording of the video was Cleveland Heights High School, the same high school where Loretz's and Plaintiff's offices were located.

44.     On Saturday, March 29, 2014, recording sessions began for ALICE. The video was to be completed that same day.

45.     ALICE training conducted that Saturday occurred when the high school was filled with members of the community and students of all ages for various reasons.

46.     Plaintiff was assigned her role in the video and Glass was to provide a script to Plaintiff. However, Glass failed to draft the script. As a result, Plaintiff wrote a draft and then gave it to Glass, who made corrections and then approved it.

47.     Plaintiff's role in the video was to inform the school over the intercom of the presence of an intruder on campus.

48.     Due to the disorganization of Glass, and due to no fault of Plaintiff, the video was not completed on Saturday and Plaintiff's role had to be recorded on a later date.

49.     Plaintiff suggested to Glass they finish the recording the next day, Sunday, March 30,

2014. However, Loretz refused to come in on a Sunday.

50. Loretz and Glass coordinated to complete the video recording on Wednesday, April 2, 2014. Glass in turn contacted Plaintiff to complete her portion of the video that day.

51. Plaintiff agreed to complete the video between 6:00 a.m. and 6:30 a.m. because she had a meeting at 7:30 a.m. with a principal, counselors and a teacher to review schedules.

52. Students are not permitted on campus before 7:30 a.m. Starting at 6:00 a.m. would give Plaintiff and Glass sufficient time to complete the videotaping before students were allowed on the premises.

53. Videotaping began and Plaintiff proceeded to disclaim in the announcement that the matter was just a drill. She specifically indicated that it was a training exercise and not a real incident.

54. After which, Plaintiff read her scripted lines into the loud speaker while Glass videotaped. Upon completion, Plaintiff proceeded to her 7:30 a.m. meeting and class continued as usual.

55. However, five White teachers who, despite having heard the announcement, claimed they believed the announcement was real and not a drill.

56. Contrary to the District's policies and procedures, the five teachers placed a call to the local police claiming they believed there was an active shooter on campus.

57. Four to five of these teachers even went so far as driving around the parking lot telling students to go home because there was a shooter on campus.

58. According to the policies and procedures of the District, emergency protocol calls for teachers to contact the school's security staff before contacting the police. Additionally, teachers are to direct students to the "Safe Place" at the Delisle Center about a quarter of

a mile away, to avoid exactly these situations.

59.   However, these White teachers failed to abide by emergency protocol and contacted the police directly. Upon the police's immediate arrival, they found no evidence of an emergency.

60.   During this entire incident, Loretz was nowhere to be found.

61.   At 4:20 p.m. that afternoon, without so much as an investigation or any fact finding proceeding, Interim Superintendent McDaniel blamed the entire incident on Plaintiff.

62.   McDaniel informed Plaintiff that she was being placed on administrative leave for three days, effective immediately; however, the Administrative leave lasted seven weeks.

63.   Plaintiff was placed on administrative leave without being afforded an opportunity to explain what transpired.

64.   Pursuant to OHIO REV. CODE § 124.388, McDaniel did not have the authority to place Plaintiff of administrative leave.

65.   Rather, Plaintiff was removed from her Administrative Principal – Heights High School position without any procedural safeguards.

66.   This approach was a substantially different approach than that afforded to Plaintiff's male White counterparts, who never received such discipline.

67.   On April 14, 2014, nearly two weeks after the incident and two weeks from when Plaintiff was placed on administrative leave, a fact finding meeting was conducted at which Interim Superintendent McDaniel, central office personnel, and Plaintiff along with her attorney were present.

68.   The notice of the fact finding meeting was never mailed to Plaintiff at her home address. In fact, Defendants sent all correspondence to Plaintiff's work address, knowing that

Plaintiff would not receive such correspondence because she was placed on administrative leave.

69. Testimony given to McDaniel by teachers and staff members made it clear that the majority of the staff were aware the announcement was part of a drill. It was also brought forth that Plaintiff disclaimed in the announcement that it was just a drill.

70. Despite all this information coming to light, McDaniel still thought it was appropriate to continue Plaintiff's administrative leave status.

71. Plaintiff remained on administrative leave from April 2, 2014 until May 20, 2014, though there was never a final disposition as to what policy or procedure Plaintiff violated.

72. On May 20, 2014, Plaintiff arrived at McDaniel's office to learn that she had been demoted from her position as Administrative Principal – Heights High School to Director of Special Programs and Compliance for a term of one year.

73. When Plaintiff inquired with McDaniel on what her new responsibilities would be, she was advised to ask Lombardo.

74. Plaintiff left McDaniel's office, as directed, to inquire with Lombardo about her new job duties.

75. Despite being the Director of Human Resources, Lombardo did not have a job description for Plaintiff's new position.

76. Plaintiff went back to McDaniel to once again attempt to obtain a job description or at least get an idea of her new job duties. At which point McDaniel provided Plaintiff with an unofficial, one page document, typed just moments before Plaintiff returned from Lombardo's office.

77. Unlike the White male who held the position before Plaintiff, Plaintiff was not afforded

an official job description, support staff, communication equipment, access to the same information, not even so much as an office in the same location.

78.     Rather, Plaintiff was placed in the basement in the Delisle Center, a location two miles away from the central office with no other administrative staff.

79.     Plaintiff inquired if she could be moved to the office of the person who previously held the Director of Special Programs and Compliance position. McDaniel claimed there was no room despite the office being vacant at the time.

80.     Plaintiff was not given an office but was placed in a cubby-hole with exposed sewage pipes, a room commonly referred to as the "Room of Shame."

81.     Due to the obvious difference in treatment Plaintiff received and compared to that of the White male who held the position before her, Plaintiff filed a race and gender discrimination claim against the District with the Equal Employment Opportunity Commission.

82.     Instead of the situation being remedied, matters only became worse for Plaintiff. Plaintiff began to be passed up for positions later awarded to persons with lesser qualifications.

83.     Despite the obvious different treatment and separation of Plaintiff, Plaintiff got an idea of what her new duties entailed and worked diligently for one year.

84.     On or about May 1, 2015, Plaintiff was orally informed by Lombardo that the Director of Special Programming and Compliance position was being eliminated.

85.     Plaintiff was given conflicting reasons for the job elimination. Lombardo first told her they were suspending the position.  Twenty minutes later, Lombardo told her that it was due to reorganization. Lombardo specifically stated that the Board was voting on the suspension at the May 4, 2015 Board Meeting, but then stated the vote was to take place

at the following Board Meeting, which was May 19, 2015.

86. Plaintiff never received written notification prior to the May 19, 2015 Board Meeting that her contract was being suspended. The only written notification that Plaintiff received was dated May 20, 2015, which stated in relevant part, "[t]he Board of Education of the Cleveland Heights-University Heights City School District acted at its meeting on May 19, 2015, to abolish the position of Director of Special Programs/Compliance and suspend your administrative contract effective at the end of the 2014-2015 contract year."

87. To date, it is still unknown the real reason why Plaintiff's contract for Director of Special Programing and Compliance was not renewed.

88. Upon learning that her position was being eliminated, Plaintiff began to apply for other administrative positions available at that time.

89. Plaintiff applied for the Assistant Principal position at Heights High School but it was awarded to a candidate with inferior qualifications and experience.

90. Plaintiff completed the application for Garfield Superintendent but did not submit her application and résumé because she knew it would be all for naught because McDaniel sat on the search firm for the position.

91. After refusing to renew her contract, the District informed Plaintiff a few days before the school year started that her only option for employment would be as a Chemistry teacher.

92. This time, Plaintiff's demotion came with great cost because her salary was reduced from $114,000.00 to $77,377.00 and as a Chemistry teacher she would no longer be qualified to serve any of her previous positions.

93. Plaintiff was left with no other option but to accept the position and seek help from the law to remedy this issue.

## FIRST CAUSE OF ACTION – DUE PROCESS VIOLATIONS

94.   Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

95.   Plaintiff brings this claim pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourteenth Amendment to the United States Constitution.

96.   Plaintiff brings this claim against all Defendants.

97.   Defendants are persons for purposes of 42 U.S.C. § 1983 liability.

98.   Defendants are not entitled to qualified immunity as the Complaint states a constitutional right, which was clearly established at the time of Defendants' misconduct.

99.   Defendants are the final policy-makers for purposes of 42 U.S.C. § 1983 liability.

100.  Plaintiff has a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution ("Due Process Clause").

101.  Plaintiff's legitimate claims of entitlement to her property and benefits are manifested through OHIO REV. CODE § 3319.02 as well as her employment contracts, bylaws, policies, guidelines, rules, and regulations.

102.  Defendants acted under color of law to deprive Plaintiff of her protected property interests under the Due Process Clause.

103.  Plaintiff was not afforded adequate procedural rights prior to the deprivation of her protected interests as:

a.    To the extent Defendants acknowledge Plaintiff was employed under an OHIO REV. CODE § 3319.02 administrative contract as the Administrative Principal – Heights High School, and OHIO REV. CODE § 3319.02 administrative contract as

the Director of Special Programs and Compliance; Defendants deprived Plaintiff of the rights and privileges afforded these positions without due process.

b.  To the extent Defendants acknowledge Plaintiff was employed under an OHIO REV. CODE § 3319.02 administrative contract as the Administrative Principal – Heights High School, and OHIO REV. CODE § 3319.02 administrative contract as the Director of Special Programs and Compliance; Defendants violated OHIO REV. CODE § 124.388(A) which states in relevant part, "[a]n appointing authority may, in its discretion, place an employee on administrative leave with pay. Administrative leave with pay is to be used only in circumstances where the health or safety of an employee or of any person or property entrusted to the employee's care could be adversely affected. Compensation for administrative leave with pay shall be equal to the employee's base rate of pay. The length of administrative leave with pay is solely at the discretion of the appointing authority, but shall not exceed the length of the situation for which the leave was granted."

c.  To the extent Defendants acknowledge Plaintiff was employed under an OHIO REV. CODE § 3319.02 administrative contract as the Administrative Principal – Heights High School, and OHIO REV. CODE § 3319.02 administrative contract as the Director of Special Programs and Compliance; Defendants violated Board Policy 1540, which states, "[a]ny administrator whose contract is to be suspended as the result of a reduction in the administrative staff shall be notified, in writing, of his/her intended suspension at least fifteen (15) calendar days prior to the Board meeting at which the action is to be taken."

d.    To the extent Defendants acknowledge Plaintiff was employed under an OHIO REV. CODE § 3319.02 administrative contract as the Administrative Principal – Heights High School, and OHIO REV. CODE § 3319.02 administrative contract as the Director of Special Programs and Compliance; Defendants violated Board Policy 1541, which states, "[t]he employment contract of an administrator may be suspended and/or terminated, upon a majority vote of the Board of Education, for good and just cause including disclosing a question to a student on a State-mandated assessment. In such cases, the Board shall abide by due process, statutory procedures, and any applicable terms of the administrator's employment contract."

104.    The deprivation of these protected interests violates Constitutional notions of due process.

105.    Defendants approved, ratified, or otherwise caused the deprivation of Plaintiff's privileged property interests.

106.    The deprivation of Plaintiff's protected property interests resulted from a policy and practice of the Board and the District.

107.    **WHEREFORE**, Plaintiff requests that this Court award Plaintiff compensatory damages of $1,000,000.00, punitive damages of $500,000.00, appropriate equitable relief, reinstatement, attorney fees, costs, and any other relief as this Court deems fair and equitable.

**SECOND CAUSE OF ACTION – EQUAL PROTECTION SECTION VIOLATIONS**

108.    Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

109. Plaintiff brings this claim pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

110. Plaintiff brings this claim against all Defendants.

111. Defendants are persons for purposes of 42 U.S.C. § 1983 liability.

112. Defendants are not entitled to qualified immunity as the Complaint states a constitutional right, which was clearly established at the time of Defendants' misconduct.

113. Defendants are the final policy-makers for purposes of 42 U.S.C. § 1983 liability.

114. Defendants acted under color of law to deprive Plaintiff of her right to be free from gender and race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

115. Plaintiff is a member of a statutorily-protected class as she is a female.

116. Plaintiff is a member of a statutorily-protected class as she is an African-American.

117. Defendants subjected Plaintiff to adverse employment actions with a discriminatory intent and purpose.

118. Plaintiff is qualified for all applicable positions referenced herein, with or without a reasonable accommodation.

119. Defendants treated Plaintiff differently than other non-protected employees for engaging in the same or similar conduct.

120. Defendants approved, ratified, or otherwise caused the deprivation of Plaintiff's right to be free from gender and race discrimination.

121. The deprivation of Plaintiff's right to be free from gender and race discrimination resulted from a policy, custom, and practice of the Board and/or the District.

122.   **WHEREFORE**, Plaintiff requests that this Court award Plaintiff compensatory damages of $1,000,000.00, punitive damages of $500,000.00, appropriate equitable relief, reinstatement, attorney fees, costs, and any other legal relief as this Court deems fair and equitable.

## THIRD CAUSE OF ACTION – SECTION 1983 CONSPIRACY

123.   Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

124.   Plaintiff brings this claim pursuant to 42 U.S.C. § 1983.

125.   Plaintiff brings this claim against all Defendants.

126.   Defendants were members of a conspiracy.

127.   A civil conspiracy is an agreement between two or more persons to injure another by unlawful force. The elements of a civil conspiracy are (1) that there was a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that caused conspiracy to the complainant. *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting Hooks v Hooks, 771, F.2d 935, 943-944 (6th. Cir. 1985)).

128.   The purpose of the conspiracy was to deprive Plaintiff of the equal protection of the laws, or of equal privileges or immunities of the laws.

129.   The actions of Defendants were motivated by class-based discrimination.

130.   Defendants engaged in acts in furtherance of the conspiracy by:

   a.   Conspiring to remove Plaintiff from a Cabinet position;

   b.   Conspiring to force Plaintiff to unwillingly accept positions of lesser responsibility and prestige;

    c.      Depriving Plaintiff employment in positions of greater responsibility and prestige similar and/or equal to her OHIO REV. CODE § 3319.02 administrative contract as the Administrative Principal – Heights High School, and/or OHIO REV. CODE § 3319.02 administrative contract as the Director of Special Programs and Compliance; and

    d.      Depriving Plaintiff of her OHIO REV. CODE § 3319.02 administrative contract as the Administrative Principal – Heights High School, and/or OHIO REV. CODE § 3319.02 administrative contract as the Director of Special Programs and Compliance without affording Plaintiff  due process;

131.    Plaintiff has been injured in her property rights under OHIO REV. CODE § 3319.02, as well as her employment contracts, bylaws, policies, guidelines, rules, and regulations.

132.    **WHEREFORE**, Plaintiff requests that this Court award Plaintiff compensatory damages of $1,000,000.00, punitive damages of $500,000.00, attorney fees, costs, and any other relief as this Court may deem fair and equitable.

### FOURTH CAUSE OF ACTION – STATE GENDER DISCRIMINATION

133.    Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

134.    Plaintiff brings this claim pursuant to OHIO REV. CODE §§ 4112.02 and/or 4112.99.

135.    OHIO REV. CODE § 4112.02(J) makes in unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

136. Plaintiff brings this claim against all Defendants.

137. As a female, Plaintiff is a member of the statutorily-protected class.

138. Defendants subjected Plaintiff to adverse employment actions (i.e. non-renewals, demotions, failure to hire).

139. Plaintiff is qualified for all applicable positions referenced herein.

140. Defendants replaced Plaintiff with an individual outside the protected class and/or otherwise treated Plaintiff differently than other similarly-situated, non-protected employees.

141. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

## FIFTH CAUSE OF ACTION – STATE RACE DISCRIMINATION

142. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

143. Plaintiff brings this claim pursuant to OHIO REV. CODE §§ 4112.02 and/or 4112.99.

144. OHIO REV. CODE § 4112.02(J) makes in unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

145. Plaintiff brings this claim against all Defendants.

22

146.    As an African-American, Plaintiff is a member of the statutorily-protected class.

147.    Defendants subjected Plaintiff to adverse employment actions (i.e. non-renewals, demotions, failure to hire).

148.    Plaintiff is qualified for all applicable positions referenced herein.

149.    Plaintiff's race was a motivating factor in the adverse employment actions (i.e. non-renewals, demotions, failure to hire).

150.    Defendants replaced Plaintiff with an individual outside the protected class and/or otherwise treated Plaintiff differently than other similarly-situated, non-protected employees.

151.    **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

### SIXTH CAUSE OF ACTION – STATE RETALIATION

152.    Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

153.    Plaintiff brings this claim pursuant OHIO REV. CODE §§ 4112.02 and/or 4112.99.

154.    OHIO REV. CODE § 4112.02(J) makes in unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

155.    Plaintiff brings this claim against all Defendants.

156.    Plaintiff engaged in a protected activity under R.C. CHAPTER 4112 by opposing an

unlawful discriminatory practice.

157.    Plaintiff also made a charge, testified, assisted, and/or participated in any manner, in an

investigation, proceeding or hearing under OHIO REV. CODE §§ 4112.02 through

4112.07.

158.    Ohio law provides in order to establish a prima facie case of retaliation, a plaintiff must

show (1) that she was engaged in protected activity, (2) her exercise of protected rights

was known to the defendant, (3) the defendant took an adverse employment action

against her or she was subjected to severe or pervasive retaliatory harassment by a

supervisor, and (4) a causal connection between the protected activity and the adverse

employment action or harassment. *Rice v. Cuyahoga County Department of Justice*, 970

N.E.2d 470 (2005).

159.    Defendants knew about Plaintiff's opposition and/or participation as Defendants

"investigated" and opposed the formal EEOC charges.

160.    Defendants took adverse employment actions against Plaintiff when:

    a.    Defendants removed Plaintiff as a member of the Superintendent's Cabinet upon

        Plaintiff providing notice of her intent to apply for the position of Superintendent

        for the Cleveland Heights - University Heights District;

    b.    Defendants denied awarding Plaintiff employment in numerous Administrative

        positions, although, Plaintiff's qualifications were superior to those of other

        candidates.

    c.   Defendants demoted Plaintiff to positions of lesser responsibility, prestige and salary.

161.    A causal link exists between the protected activity and the adverse employment actions.

162.    **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

**SEVENTH CAUSE OF ACTION – BREACH OF CONTRACT**

163.    Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

164.    Plaintiff brings this cause of action against the Board.

165.    A valid OHIO REV. CODE § 3319.02 administrative contract exists to employ Plaintiff as the Administrative Principal – Heights High School through the 2012-2013 and 2013-2014 school years.

166.    Plaintiff performed under the OHIO REV. CODE § 3319.02 administrative contract by fulfilling her Administrative Principal duties and responsibilities as assigned by Defendants.

167.    The administrative contract states in relevant part, "at the expiration of this Contract on June 30, 2014, the Board must give written notice of its intention to non-renew on or before March 31, 2014." (See Exhibit 1).

168.    The Board breached its duty to Plaintiff as it failed to give written notice to Plaintiff of its intention to non-renew the administrative contract by March 31, 2014.

169. Defendants' breach was unlawful, willful, wanton, and malicious.

170. To the extent Defendants assert that Plaintiff ceased to be employed as an Administrative Principal – Heights High School anytime during and/or after the 2013-2014 school year, then Defendants:

    a.      Transferred Plaintiff during the life of her OHIO REV. CODE § 3319.02 administrative contract as Administrative Principal – Heights High School to a position of lesser responsibility in violation of applicable bylaws, policies, guidelines, laws, rules, and regulations;

    b.      Nonrenewed Plaintiff's OHIO REV. CODE § 3319.02 administrative contract as Administrative Principal – Heights High School in violation of applicable bylaws, policies, guidelines, laws, rules, and regulations; and/or

    c.      Terminated Plaintiff's OHIO REV. CODE § 3319.02 administrative contract as Administrative Principal – Heights High School in violation of applicable bylaws, policies, guidelines, laws, rules, and regulations.

171. A valid OHIO REV. CODE § 3319.02 administrative contract exists to employ Plaintiff as the Director of Special Programs and Compliance through the 2014-2015 school year.

172. Plaintiff performed under the OHIO REV. CODE § 3319.02 administrative contract by fulfilling her Director of Special Programs and Compliance duties and responsibilities as assigned by Defendants.

173. The administrative contract states in relevant part, "prior to the expiration of this Contract, the Board must give written notice of its intention to non-renew on or before June 1 of the final year of the contract." (See Exhibit 2).

174. The Board breached its duty to Plaintiff as it failed to abide by Board Policy 1540 and

OHIO REV. CODE § 3319.171 in suspending her contract.

175. To the extent Defendants assert that Plaintiff ceased to be employed as the Director of Special Programs and Compliance anytime during and/or after the 2014-2015 school year, then Defendants:

    a.    Nonrenewed Plaintiff's OHIO REV. CODE § 3319.02 administrative contract as the Director of Special Programs and Compliance in violation of applicable bylaws, policies, guidelines, laws, rules, and regulations; and/or

    b.    Terminated Plaintiff's OHIO REV. CODE § 3319.02 administrative contract as the Director of Special Programs and Compliance in violation of applicable bylaws, policies, guidelines, laws, rules, and regulations.

176. Plaintiff has suffered damages or loss as a result of such breaches.

177. **WHEREFORE,** Plaintiff demands for Breach of Contract, compensatory damages of $500,000.00, punitive damages of $100,000.00, attorney fees, costs, injunctive relief and any other relief this Court may deem is fair and equitable.

### EIGHTH CAUSE OF ACTION – INTENTIONAL INTERFERENCE WITH A BUSINESS RELATIONSHIP

178. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

179. OHIO REV. CODE § 2744.09(B) exempts this claim from R.C. CHAPTER 2744 immunity as the claim involves a civil action by an employee against the political subdivision and its employees relative to a matter that arose out of the employment relationship between Plaintiff and the Board.

180. Plaintiff brings this claim against McDaniel, Celico, Lombardo, and Gainer.

181.   There exists an employment and/or business relationship between Plaintiff and the Board by virtue of Plaintiff's OHIO REV. CODE § 3319.02 administrative contract as the Administrative Principal- Heights High School and OHIO REV. CODE § 3319.02 administrative contract as the Director of Special Programs and Compliance

182.   McDaniel, Celico, Lombardo, and Gainer had knowledge of the relationship between Plaintiff and the Board.

183.   McDaniel, Celico, Lombardo, and Gainer interfered with that relationship by engaging in the following activities:

   a.   Conspiring to remove Plaintiff from a Cabinet position;

   b.   Conspiring to force Plaintiff to unwillingly accept positions of lesser responsibility and prestige;

   c.   Depriving Plaintiff of her OHIO REV. CODE § 3319.02 administrative contract as the Administrative Principal - Heights High School and OHIO REV. CODE § 3319.02 administrative contract as the Director of Special Programs and Compliance without affording Plaintiff any due process;

   d.   To the extent Defendants acknowledge Plaintiff is employed under an OHIO REV. CODE § 3319.02 administrative contract as the Administrative Principal- Heights High School and OHIO REV. CODE § 3319.02 administrative contract as the Director of Special Programs and Compliance; depriving Plaintiff of her salary under these contracts; and

   e.   To the extent Defendants provide Plaintiff her salary under the OHIO REV. CODE § 3319.02 administrative contract as the Administrative Principal - Heights High School and OHIO REV. CODE § 3319.02 administrative contract as the Director of

Special Programs and Compliance; depriving Plaintiff of the rights and privileges afforded these positions.

184. The interference caused a breach or termination of the relationship between Plaintiff and the Board.

185. Plaintiff suffered damages as a result of the interference.

186. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff compensatory damages of $50,000.00, punitive damages of $50,000.00, attorney fees, costs and grant any other relief as this Court deems fair and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

 /s/  Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
*egilbert@edwardlgilbert.com*